IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TANYA MURPH, | ) | 8:13CV11 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| SILVER MEMORIES, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Tanya Murph ("Plaintiff") filed her Complaint in this matter on January 8, 2013. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.   SUMMARY OF COMPLAINT

Liberally construed, Plaintiff alleges that Defendant Silver Memories, Inc. ("Silver Memories" or "Defendant") discriminated against her in violation of 42 U.S.C. § 2000e-3, the anti-retaliation provision of Title VII. Plaintiff alleges that she filed a charge of discrimination against Silver Memories with the United States Equal Employment Opportunity Commission ("EEOC") in March of 2009. (Filing No. 1 at CM/ECF p. 2.) The matter went to public hearing in December of 2010, and Plaintiff received a right-to-sue notice from the EEOC on October 11, 2012. (Id. at CM/ECF p. 7.) Plaintiff alleges that, after she filed her charge of discrimination with the EEOC, Silver Memories management retaliated against her by using its influence with the Omaha Police Department to "obtain non-public information" about her. Silver Memories' management also made intimidating and harassing telephone calls to her residence, parked outside her residence to intimidate her, and "contact[ed] other facilities within [her] occupational field to influence or alter [her] employment." (Id.

at CM/ECF pp. 1-2.)  For relief, Plaintiff seeks an unspecified amount of monetary damages.  (*Id.* at CM/ECF p. 5.)

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e)(2).  The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).  However, a pro se plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III.  DISCUSSION OF CLAIMS

Title VII forbids employment discrimination against "any individual" based on that individual's "race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a).  The anti-retaliation provision of Title VII prohibits an employer from "discriminat[ing] against" an employee or job applicant because that individual

"opposed any practice" made unlawful by Title VII or "made a charge, testified, assisted, or participated in" a Title VII proceeding or investigation. 42 U.S.C. § 2000e-3(a). Liberally construed, Plaintiff alleges that Defendant discriminated against her in violation of 42 U.S.C. § 2000e-3.

Prior to filing a suit in federal court under Title VII, a plaintiff is required to exhaust his or her administrative remedies by first seeking relief through the EEOC or the Nebraska Equal Opportunity Commission ("NEOC"). 42 U.S.C. § 2000e-5(e)(1). The EEOC/NEOC will then investigate the charge and determine whether to file suit on behalf of the charging party or make a determination of no reasonable cause. If the EEOC/NEOC determines that there is no reasonable cause, the agency will then issue the charging party a right-to-sue notice. 42 U.S.C. § 2000e-5(b); *see also Hanenburg v. Principal Mut. Life Ins. Co.*, 118 F.3d 570, 573 (8th Cir. 1997). The charging party has 90 days from the receipt of the right-to-sue notice to file a civil complaint based on his charge. 42 U.S.C. § 2000e-5(f)(1). The civil complaint may only encompass issues that are reasonably related to the substance of charges timely brought before the EEOC/NEOC. *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994). However, each discrete incident of discriminatory or retaliatory action by an employer constitutes its own unlawful employment practice for which administrative remedies must be exhausted before bringing a Title VII claim. *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 851 (8th Cir. 2012).

Plaintiff has filed a copy of a right-to-sue notice but, as best as the court can tell, it is based on her original charge of discrimination against Silver Memories, and not based on her allegations of retaliatory action by Silver Memories. Each discrete incident of discriminatory or retaliatory action by an employer is its own unlawful employment practice for which administrative remedies must be exhausted. *Richter*, 686 F.3d at 851. Here, the court cannot determine whether Plaintiff has exhausted her administrative remedies as to her claims of retaliation or whether her claims are timely. On the court's own motion, the court will permit Plaintiff 30 days in which

to (1) amend her complaint to allege that she exhausted her administrative remedies *with respect to her allegations of retaliation* against Silver Memories, and (2) file a copy of the right-to-sue notice related to her allegations of retaliation.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have 30 days to (1) amend her complaint to allege that she exhausted her administrative remedies *with respect to her allegations of retaliation* against Silver Memories, and (2) file a copy of the right-to-sue notice related to her allegations of retaliation.

2. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after Plaintiff addresses the matters set forth in this Memorandum and Order.

3. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: **June 17, 2013**: Check for EEOC charge and right-to-sue notice.

DATED this 16th day of May, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.