IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TANYA MURPH,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>SILVER MEMORIES, Inc.;<br><br>　　　　　　Defendant. | 8:13CV11<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on defendant's motion for summary judgment, Filing No. 33, and plaintiff's motion for summary judgment, Filing No. 36, both pursuant to Fed. R. Civ. P. 56. Plaintiff, who is appearing pro se, brought this action alleging retaliation in violation of Title VII, 42 U.S.C. § 2000e, against her former employer, the defendant, Silver Memories, Inc. Plaintiff filed a dual claim of discrimination with the Nebraska Equal Opportunity Commission (NEOC) and the Equal Opportunity Commission (EEOC) regarding her claim for retaliation. The NEOC/EEOC separately dismissed plaintiff's charges finding no just cause for the claims. Defendant contends that plaintiff has (1) failed to establish a prima facie claim for retaliation, and (2) failed to file with the NEOC or EEOC within 300 days of her charges of retaliatory discrimination.

## BACKGROUND

Defendant hired plaintiff as a caregiver in 2007 and terminated her sometime in 2009. Plaintiff alleges that sometime around March of 2010, after her discharge, defendant and its employees began retaliating against her.

After her termination, plaintiff interviewed for and received a conditional offer of employment on July 22, 2010, with Comfort Keepers. Comfort Keepers made this offer conditional to pre-employment screening and assessment. Plaintiff worked with

Comfort Keepers from July 28 through September 9, 2010. Prior to that date Mary Warman, a former employee of Comfort Keepers, and then an employee of defendant Silver Memories, had a business meeting with Rick Magill, owner of Comfort Keepers. During that meeting Warman told Magill that plaintiff was involved in legal issues with Silver Memories. Magill also talked with Comfort Keeper's Human Resource Director, Teresa White, and confirmed that plaintiff received an offer of conditional employment. Plaintiff continued to work for Comfort Keepers until she was a no call/no show on September 9, 2010. Magill considers that plaintiff abandoned her position with Comfort Keepers, as no other reason for her separation exists.

Previously, plaintiff filed a discrimination charge with both the NEOC and the EEOC on March 9, 2009, alleging that her discharge by the defendant constituted discrimination. Plaintiff bases her retaliation claim in the current case on the filing of this older discrimination charge. Plaintiff alleges that the events she bases the current lawsuit on occurred in March of 2010.

On July 20, 2012, the NEOC dismissed plaintiff's charge and informed her she had 90 days to file an action under state law. On October 11, 2012, the EEOC issued its dismissal determination and informed plaintiff she had 90 days to file her federal law claim. Plaintiff filed her complaint in federal court on January 8, 2013, and amended her complaint on June 13, 2014.

Plaintiff contends that the owner of Silver Memories, Jane Prochaska, allegedly drove by plaintiff's home once in July 2010 and on September 9, 2010. Plaintiff also contends she received at least one telephone call that she believes Prochaska made sometime after July 28, 2010. Additionally, Prochaska obtained a public record copy from the Douglas County Sheriff about the plaintiff in March of 2010. Plaintiff further

2

argues that an article appeared in the Omaha World-Herald that she believes was retaliatory, although the article does not in any way reference Silver Memories or Prochaska.

## STANDARD OF REVIEW

On a motion for summary judgment, the question before the court is whether the record, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Where unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Koehn v. Indian Hills Cmty. Coll.*, 371 F.3d 394, 396 (8th Cir. 2004). The burden of establishing the nonexistence of any genuine issue of material fact is on the moving party. Fed. R. Civ. P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

"The movant 'bears the initial responsibility of informing the district court of the basis for its motion, and must identify 'those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042, (8th Cir. 2011) (en banc) (quoting *Celotex*, 477 U.S. at 323). If the movant does so, "the nonmovant must respond by submitting evidentiary materials that set out 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Celotex*, 477 U.S. at 324). On a motion for summary judgment, the "'facts must

3

be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts.'" *Id.* (quoting *Ricci v. DeStefano*, 129 S. Ct. 2658, 2677 (2009)).

Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. *Id.* The nonmoving party "'must do more than simply show that there is some metaphysical doubt as to the material facts,' and must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)). Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Id.*

There is no "discrimination case exception" to the application of summary judgment, which is a useful pretrial tool to determine whether any case, including one alleging discrimination, merits a trial. *Torgerson*, 643 F.3d at 1043 (quoting *Fercello v. County of Ramsey*, 612 F.3d 1069, 1077 (8th Cir. 2010)). Nevertheless, "[a]t the summary judgment stage, the court should not weigh the evidence, make credibility determinations, or attempt to determine the truth of the matter." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249 (1986). The court's function is to determine whether a dispute about a material fact is genuine, that is, whether a reasonable jury could return a verdict for the nonmoving party based on the evidence. *Id.* at 248. To be material, a fact "must affect the outcome of the lawsuit under governing law." *Id.* "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's favor]." *Id.* at 255. "If reasonable minds could differ as to the import of the evidence," summary judgment is inappropriate. *Id.* at 250. In a discrimination

4

case, when the record on summary judgment is fully developed, the "court need only decide whether, on the record as a whole, there is a genuine issue for trial on the ultimate question of discrimination *vel non*." *Torgerson*, 643 F.3d at 1054 (Colloton, J., concurring).

Pro se complaints are to be liberally construed, but must still allege sufficient facts to support claims advanced. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

## DISCUSSION

### A. Dual Filings

Plaintiff filed her charge of discrimination with both the NEOC and the EEOC. Plaintiff did not file a lawsuit with regard to the state law retaliation claim within the required 90 days. The Eighth Circuit has determined that such failure requires dismissal of that claim. *Hohn v. BNSF Ry. Co.*, 707 F.3d 995, 1000-01 (8th Cir. 2013). The statute of limitations begins on state law claims upon the issuance of the NEOC's dismissal, and such claim is not tied to a later EEOC dismissal. *Id*. at 1001 (quoting Neb. Rev. Stat. § 48-1120.01). In this case, the NEOC dismissed plaintiff's charge on July 20, 2012, and 90 days would expire on or about October 20, 2012. Plaintiff filed this case on January 8, 2013. Thus, the court finds the state law claim is time-barred and will proceed only to address the federal retaliation claim.

### B. Post-Separation Allegations

Defendant contends that the alleged facts regarding Jane Prochaska are not relevant or admissible, as they occurred well after plaintiff's separation from the defendant. The court agrees with the defendant that most of these events took place outside of the 300-day time period relating to her retaliation charge. *See, e.g., Norman v. Union Pac. R.R. Co.*, 606 F.3d 455, 458 (8th Cir. 2010) (citing 42 U.S.C. § 2000e-

5

5(e)(1)) (charge of discrimination must be filed within 180 or 300 days of the unlawful action). Thus, the resulting claim is time barred. *See, e.g.*, *Burkhart v. Am. Railcar Indus., Inc.,* 603 F.3d 472, 476 (8th Cir. 2010) (citing 42 U.S.C. § 2000e-5(e)(1)). Likewise, "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Betz v. Chertoff,* 578 F.3d 929, 938 (8th Cir. 2009). Plaintiff was required to file new charges based on the discriminatory action. *Wedow v. City of Kansas City,* 442 F.3d 661, 670 (8th Cir. 2006) (quoting *Tademe v. Saint Cloud State Univ.,* 328 F.3d 982, 987-88 (8th Cir. 2003)).

These actions could be considered timely, however, if they were part of a continuing violation. *See, e.g.*, *Klein v. McGowan*, 198 F.3d 705, 709 (8th Cir. 1999) (citing *Kimzey v. Wal-Mart Stores, Inc.*, 107 F.3d 568, 572-73 (8th Cir. 1997)) ( stating that continuing violations have a "systematic or serial" nature); *Kline v. City of Kansas City, Fire Dept.*, 175 F.3d 660, 665 (8th Cir. 1999) (quoting *Rorie v. UPS*, 151 F.3d 757, 761 (8th Cir. 1998)) (finding that an "amalgamation of discrete, isolated instances" is not sufficient to establish a continuing violation).

The court finds there is no evidence of a continuing violation, particularly given the timing and the facts in this case. The alleged retaliatory harassment occurred post-employment. To prove retaliatory harassment, the employee must show that the complained of conduct was severe and pervasive, so as to affect the work environment. *Rorie,* 15 F.3d at 761. Plaintiff has failed to offer any evidence in this regard. Further, plaintiff has not alleged any kind of a nexus between this alleged post-employment action and how it affected her work environment. Accordingly, the court finds there is no continuing violation under the facts of this case.

6

### C. Specific Incidents

Title VII provides that it shall be an unlawful employment practice for any employer to retaliate against an employee or an applicant for employment "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).

"To establish a prima facie case of retaliation, an employee must show that [s]he engaged in protected activity; [s]he suffered a materially adverse action that would deter a reasonable employee from making a charge of employment discrimination; and there is a causal connection between the protected activity and the adverse action." *Gibson v. American Greetings Corp.*, 670 F.3d 844, 856 (8th Cir. 2012). If the plaintiff makes this showing, the employer must then rebut the presumption by articulating a legitimate, nondiscriminatory reason for the adverse employment action. *Id.* at 856-57. If the employer does this, the burden of production shifts back to the plaintiff to demonstrate that the employer's nondiscriminatory reason is pretextual. *Id.*

Plaintiff filed her complaint and alleged that the acts complained of occurred "on or about March 2010," Filing No. 7, Amended Complaint at 2. Plaintiff filed her claim with the NEOC on June 30, 2011, which means the beginning of the 300-day time period began on September 3, 2010. With regard to the drive-by incidents, the first one, in July 2010, is outside of the limitations period. The second one, which occurred between September 3 and 9, 2010, might have been within the 300-day period of time. However, as set forth below, these claims are without merit.

The second allegation of retaliatory conduct is the alleged telephone call. There is no evidence as to when this alleged phone call took place. Plaintiff contends it took

7

place two or three weeks after she started working at Comfort Keepers.  She began that job on July 28, 2010.  The call would have to have been made after September 3, 2010, and there is simply no evidence of this call.

With regard to defendant obtaining the police report in March 2010, the court notes that this is a public record.  Second, the court agrees with the defendant that this incident is likewise outside of the 300-day time limit for filing claims.

The fourth incident alleged by the plaintiff involves Prochaska's alleged "public bashing" related to the Omaha World-Herald article about her.  This claim is arguably within the 300-day time limitation, but  in any event the article does not mention Silver Memories or Prochaska.  The article references public records obtained at plaintiff's sentencing hearing on her felony conviction.  There is no showing by the plaintiff that the newspaper article was false, because plaintiff was in fact convicted of two felonies, and there is further no showing that Silver Memories or its employees took any action with regard to this article that caused an adverse action in employment for the plaintiff.

The fifth example of retaliation alleged by the plaintiff involves the contact with Comfort Keepers.  Again, the incident occurred prior to the resignation of White in August 2010, so it is outside the limitations period.  Further, it caused no adverse action to the plaintiff as she retained her new job until she chose to quit.

Plaintiff has submitted no evidence of an adverse action.  On the contrary, the evidence stated above shows the opposite.  The alleged drive-by via Prochaska is insignificant in terms of any adverse action of the part of the plaintiff.  This was a single incident or two of driving by a former employee's house, and it cannot as a matter of law under these circumstances be considered actionable.  Plaintiff separated from her job with the defendant prior to the alleged drive-by.  Accordingly, the court finds there is no

evidence of an adverse employment action or of any retaliation that could be submitted to a jury, and thus this claim fails. *See, e.g.*, *Jackman v. Fifth Judicial Dist. Dep't of Correctional Servs.,* 728 F.3d 800, 805 (8th Cir. 2013) (holding plaintiff "did not establish a prima facie case of sex and race discrimination or retaliation because she cannot show, as a matter of law, that she suffered an adverse employment action."). As recited above, plaintiff has shown no adverse action, even when the court reviews the evidence.

The court concludes that as a matter of law there exists no issues of material fact to submit to the trier of fact in this case. Accordingly, the motion for summary judgment will be granted and this case dismissed.

THEREFORE, IT IS ORDERED that defendant's motion for summary judgment, Filing No. 33, is granted; plaintiff's motion for summary judgment, Filing No. 36, is denied. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 1st day of April, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge